[No. 2122]

## ESMERALDA COUNTY, ET AL., RELATOR, *v.* MINERAL COUNTY, RESPONDENT.

[141 Pac. 73]

1. JUDGES — SALARY — APPORTIONMENT — COUNTIES — "ASSESSMENT ROLL."

General revenue act (Rev. Laws, sec. 3623), section 7, provides that the board of county commissioners of each county shall cause to be prepared suitable books for the use of the assessor, in which he shall enter his tax list and assessment roll as thereinafter provided, and in that list and roll shall be assessed and included all taxes levied by authority of law for county purposes, the book to contain suitable printed heads and be ruled to conform with the form of the assessment roll as provided by the act. Section 4902 declares that each county in each district in the state shall contribute annually to the fund required to pay the salary of the district judge its proportionate share of the money necessary to pay such salary, based on the assessment roll of each county for the previous year. *Held,* that the term "assessment roll," as used in section 4902, means the whole roll for the assessment of taxes, including not only the assessment of real and personal property mentioned in Rev. Laws, sec. 3633, but the assessment of the proceeds of mines mentioned in Rev. Laws, sec. 3696, as well.

Submission of controversy of Esmeralda County against Mineral County. Judgment awarding writ of *mandamus* to relator.

*M. A. Diskin,* District Attorney of Esmeralda County, for Relator.

*John R. Melrose,* District Attorney of Mineral County, and *Mack & Green,* for Respondent.

By the Court, NORCROSS, J.:

This is a controversy submitted upon an agreed statement of facts, without formal action, as provided for in

the civil practice act (Rev. Laws, secs. 5252–5254)—a writ of *mandamus* to issue in favor of one party or the other, as this court shall determine from the agreed facts. The counties of Esmeralda and Mineral, relator and respondent herein, comprise the Seventh judicial district, and the question involved is the amount each of such counties shall contribute to the payment of the district judge's salary.

It is provided by Rev. Laws, sec. 4902, that: "Each county in each district in the state shall contribute annually to the said fund its proportionate share of the money necessary to pay the judge or judges of its district their respective salaries monthly for such year, based upon the assessment roll of each county for the previous year."

It is the contention of counsel for relator that the words "assessment roll," used in the section of the statute quoted *supra,* is intended to mean the assessment roll as mentioned and defined in Rev. Laws, sec. 3633, as amended. (See Stats. 1913, pp. 165, 182.) In that section the "assessment roll" referred to only includes the real and personal property assessed in a county, exclusive of the proceeds of mines. It is the contention of counsel for respondent that the words "assessment roll," as used in Rev. Laws, sec. 4902, *supra,* means not only the assessment roll of real and personal property, provided for in Rev. Laws, sec. 3633, *supra,* but also the "assessment roll" mentioned in Rev. Laws, sec. 3696, upon which is listed or assessed "the proceeds of all mines in their respective counties." In other words, these two rolls combined constitute the assessment roll of the county. We think the contention of counsel for respondent must be sustained. The "assessment roll of each county," as used in Rev. Laws, sec. 4902, *supra,* means the assessment roll upon which appears all property subject to an ad valorem tax, and this includes proceeds of mines.

Section 7 of the general revenue act (Rev. Laws, sec. 3623) provides: "The boards of county commissioners of each county shall * * * cause to be prepared

suitable and well-bound books for the use of the assessor, in which the county assessor shall enter his tax list and assessment roll, *as hereinafter provided;* and in which list and assessment roll shall be assessed and included *all taxes levied by authority of law for county purposes.* Said book shall contain suitable printed heads, and be ruled to conform with the form of the *assessment roll, as provided by this act.*"

Italics are ours.

The assessment rolls, so-called, both for real and personal property and for proceeds of mines, are "hereinafter provided" for in the act. "All taxes levied by authority of law for county purposes," includes taxes levied on proceeds of mines. (Rev. Laws, sec. 3621, 3687; article 10 of State Constitution, Rev. Laws, sec. 352; *City of Virginia* v. *Chollar-Potosi M. Co.,* 2 Nev. 92; *Goldfield Con. M. Co.* v. *State,* 35 Nev. 186, 127 Pac. 77.) The form of the assessment roll for taxes on the proceeds of mines is as much "provided by this act" as is the form of the assessment roll for real and personal property, exclusive of the proceeds of mines. Section 3623, Rev. Laws, *supra,* is the only section requiring the county commissioners to cause to be prepared and furnished books for the use of the county assessor, yet both sections 3633 and 3696 of the Revised Laws require both assessment rolls to be entered in books furnished by the county commissioners. It is clear, we think, that the two rolls combined constitute "the assessment roll of each county."

Respondent is entitled to the writ, and the same will issue upon application to the clerk therefor.